POLEN, J.
Appellant, Mergenet Solutions, Inc., appeals the trial court’s order granting Ap-pellee, Carolina Casualty Insurance Company’s, motion for judgment on the pleadings. We affirm.
This case involves two underlying actions: one against Mergenet and one third-party counterclaim against Mergen-et’s wholly owned subsidiary, Innomed Technologies, Inc. In each case, the plaintiff essentially claims that Mergenet and Innomed obtained an ownership interest in a patent held, at least in pai’t, by the plaintiff, without fairly compensating the plaintiff. Carolina Casualty issued a Management Liability Policy to Mergenet from December 2002 to December 2003 and again from December 2003 to December 2004. After Carolina Casualty denied coverage of the claims, Mergenet filed an action for declaratory relief seeking a determination of Carolina Casualty’s duty to defend and indemnify Mergenet against the lawsuits. Carolina Casualty ultimately filed a motion for judgment on the pleadings, which the trial court granted after finding that Carolina Casualty owed a duty neither to defend nor indemnify either underlying claim because the claims came within the policy’s Intellectual Property Rights Exclusion.
The policy’s Intellectual Property Rights Exclusion provides, in part, that Carolina Casualty shall not be liable for loss in connection with a claim “based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving any actual or alleged ... intellectual property rights.” Such a broad exclusion certainly applies to the claims involved in the instant case which arise out of plaintiffs alleged ownership of the patents acquired by Mergenet and Innomed. See Allison v. Vintage Sports Plaques, 136 F.3d 1443, 1448 (11th Cir.1998) (stating *65 that there are three principal forms of intellectual property rights which include copyright, patent, and trademark). The trial court correctly granted the motion for judgment on the pleadings.

Affirmed.

WARNER and STEVENSON, JJ., concur.